IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SPHERIX INCORPORATED,

      Plaintiff,

vs.

VTECH TELECOMMUNICATIONS LTD.
and VTECH COMMUNICATIONS, INC.

      Defendant.

Civil Action No. 3:13-cv-3494

JURY TRIAL DEMANDED

## ANSWER, DEFENSES, AND COUNTERCLAIMS OF VTECH TELECOMMUNICATIONS LTD. AND VTECH COMMUNICATIONS, INC.

VTech Telecommunications Ltd. ("VTech Telecommunications") and VTech Communications, Inc. ("VTech Communications") (collectively "VTech") file this Answer, Defenses, and Counterclaims to Plaintiff's Original Complaint for Patent Infringement.

## PARTIES

1.    On information and belief, VTech admits the allegations contained in Paragraph 1.

2.    VTech Telecommunications is a wholly-owned subsidiary of VTech Holdings Limited.  Otherwise admitted.

3.    VTech Communications is a wholly-owned subsidiary of VTech Holdings Limited.  Otherwise admitted.

4.    VTech Telecommunications admits that its activities include the design, manufacture, and distribution of telecommunications products. VTech Communications admits that its activities include the promotion, instruction, sale and distribution of VTech

1

Telecommunications' and Advanced American Telephones' products in the United States. Otherwise, denied.

## JURISDICTION AND VENUE

5.      VTech admits that this is an action alleging patent infringement pursuant to the patent laws of the United States, Title 35, United States Code and that this Court has subject matter jurisdiction over this action. Otherwise, denied.

6.      VTech Communications admits that it conducts business within the State of Texas. VTech Telecommunications denies each and every allegation in Paragraph 6 with respect to VTech Telecommunications, but for the purposes of this action only, VTech Telecommunications will not contest personal jurisdiction.  Otherwise, denied.

7.      VTech Communications admits that it has transacted business in the Northern District of Texas.  VTech Telecommunications denies each and every allegation in Paragraph 7 with respect to VTech Telecommunications.  Otherwise, denied.

8.      VTech Communications admits that venue is proper. VTech Telecommunications denies each and every allegation in Paragraph 8 with respect to VTech Telecommunications. VTech denies that venue in this district is convenient for the parties and witnesses, nor in the interest of justice.  Otherwise, denied.

## THE ASSERTED PATENTS

9.      VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## UNITED STATES PATENT NO. 5,581,599

10.     VTech admits that a copy of U.S. Patent No. 5,581,599 is attached to the Complaint as Exhibit A. VTech is without sufficient information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, denies them.

11.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

12.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## UNITED STATES PATENT NO. 5,752,195

13.     VTech admits that a copy of U.S. Patent No. 5,752,195 is attached to the Complaint as Exhibit B. VTech is without sufficient information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, denies them.

14.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

15.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## UNITED STATES PATENT NO. 5,892,814

16.     VTech admits that a copy of U.S. Patent No. 5,892,814 is attached to the Complaint as Exhibit C. VTech is without sufficient information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, denies them.

17.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

18.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## UNITED STATES PATENT NO. 6,614,899

19.    VTech admits that a copy of U.S. Patent No. 6,614,899 is attached to the Complaint as Exhibit D. VTech is without sufficient information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, denies them.

20.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

21.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## UNITED STATES PATENT NO. 6,965,614

22.    VTech admits that a copy of U.S. Patent No. 6,965,614 is attached to the Complaint as Exhibit E. VTech is without sufficient information or belief to admit or deny the remaining allegations of this paragraph and, on that basis, denies them.

23.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

24.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## FACTUAL BACKGROUND

25.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

26.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

27.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

28.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

29.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

30.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

31.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## NORTEL'S FORMER EMPLOYEE-INVENTORS

32.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

33.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

34.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

35.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

36.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## NORTEL'S BANKRUPTCY AND THE ROCKSTAR CONSORTIUM

37.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

38.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

39.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

40.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

41.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## PLAINTIFF SPHERIX INCORPORATED

42.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

43.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

44.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

45.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

46.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## THE VTECH DEFENDANTS

47.     VTech admits that VTech Telecommunications and VTech Holdings are companies with principal places of business in Hong Kong.  VTech Telecommunications is a corporation organized and existing under the laws of Hong Kong.  VTech Holdings is a corporation organized and existing under the laws of Bermuda.  VTech Communications admits that it is a wholly-owned subsidiary of VTech Holdings. Otherwise, denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     VTech is without sufficient information or belief to admit or deny the allegations relating to where AT&T resides and, on that basis, denies them.  Otherwise denied.

54.     Denied.

55.     Denied.

56.     Denied.

## THE ASSERTED PATENTS ARE PIONEER PATENTS
## COVERING CORE CORDLESS TECHNOLOGY

57.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

58.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

59.     VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

60.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

61.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

62.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

63.    VTech is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

### THE VAST SCOPE OF VTECH'S WILLFUL INFRINGEMENT OF THE ASSERTED PATENTS

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

### COUNT I

73.    VTech incorporates by reference each and every response contained in Paragraphs 1–72 of its Answer as though set forth at length.

74.    Denied.

75.    Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## COUNT II

81.     VTech incorporates by reference each and every response contained in Paragraphs

1–72 of its Answer as though set forth at length.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## COUNT III

89.     VTech incorporates by reference each and every response contained in Paragraphs

1–72 of its Answer as though set forth at length.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

## COUNT IV

94.     VTech incorporates by reference each and every response contained in Paragraphs 1–72 of its Answer as though set forth at length.

95.     Denied.

96.     Denied.

97.     Denied.

## COUNT V

98.     VTech incorporates by reference each and every response contained in Paragraphs 1–72 of its Answer as though set forth at length.

99.     Denied.

100.    Denied.

101.    Denied.

## JURY DEMAND

102.    This paragraph states only a legal assertion, and, thus, no response is required.

## PRAYER FOR RELIEF

103.    Plaintiff's requests for relief require no response and for that reason, VTech denies that Plaintiff is entitled to any relief and asserts that Plaintiff's claims for relief should be denied in their entirety.

A.  VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

B.  VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

C. VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

D. VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

E. VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

F. VTech denies that Plaintiff is entitled to any relief, and specifically denies the allegation and prayer for relief contained in this paragraph.

## VTECH'S DEFENSES

104. VTech, without waiver, limitation, or prejudice, hereby asserts the following defenses:

## FIRST DEFENSE

105. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Noninfringement)

106. VTech does not, and has not, infringed any valid claim of the '599, '195, '814, '899 or '614 patents literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity)

107. One of more claims of the '599, '195, '814, '899 and '614 patents that are allegedly infringed by VTech are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103, and/or 112.

**FOURTH DEFENSE**
**(Estoppel)**

108.   The claims of the '599, '195, '814, '899 and '614 patents are, and were, limited by amendment, by the prior art, and/or by the statements made during its prosecution before the United States Patent and Trademark Office ("USPTO"), such that Plaintiff is now estopped, and otherwise precluded, from maintaining that such claims of the '599, '195, '814, '899 or '614 patents are of sufficient scope to cover the accused products and methods, either literally or under the application of the doctrine of equivalents.

**FIFTH DEFENSE**
**(Equitable Estoppel, waiver, and/or laches)**

109.   Plaintiff's claims against VTech, with respect to the '599, '195, '814, '899 and '614 patents, are barred by equitable estoppel, waiver, and/or laches.

**SIXTH DEFENSE**

110.   To the extent that Plaintiff or its predecessors in interest of the '599, '195, '814, '899 and '614 patents  failed to properly notify VTech of the actions alleged to infringe the '599, '195, '814, '899 and '614 patents, including but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, VTech is not liable to Plaintiff for those allegedly infringing actions performed prior to receipt of actual notice of allegations of infringement of the '599, '195, '814, '899 and/or '614 patents.

**SEVENTH DEFENSE**

111.   Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

**EIGHTH DEFENSE**

112.   Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

**NINTH DEFENSE**

113.   Plaintiff's claims are barred in whole or in part for lack of standing.

**TENTH DEFENSE**

114.   Plaintiff's claims are barred in whole or in part, pursuant to 35 U.S.C. § 286, for all events occurring more than six years before the filing of this lawsuit.

**ELEVENTH DEFENSE**

115.   Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**TWELFTH DEFENSE**

116.   Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the second-sale doctrine, express or implied license, and restrictions on double recovery.

**RESERVATION OF DEFENSES**

117.   To the extent not already pled, VTech reserves its right to add additional defenses pending further investigation and discovery.

**COUNTERCLAIMS FOR DECLARATORY RELIEF**

1.   The Counterclaims asserted below in no way constitute waiver of any defense asserted by VTech.   Thus, subject to and without waiving any of the foregoing defenses, Counterclaimant VTech Communications, Inc. ("VTech Communications), by its undersigned counsel hereby states its Counterclaims for Declaratory Relief:

## PARTIES

2.      Counterclaimant VTech Communications is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located at 9590 SW Gemini Drive, Suite 120, Beaverton, OR 97008.

3.      On information and belief, Counterclaimant Defendant Spherix Incorporated ("Spherix") is a Delaware corporation, with its principal place of business at 7927 Jones Branch Drive, Suite 3125, Tysons Corner, VA 22102.

## JURISDICTION AND VENUE

4.      On August 30, 2013 Spherix filed its Complaint alleging that VTech Communications infringes the '599, '195, '814, '899 and '614 patents.

5.      This Court has subject matter jurisdiction over VTech Communications' counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, Title 35, United States Codes, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

6.      By filing its Complaint, Spherix has consented to the personal jurisdiction of this Court.

7.      Venue is proper as to Spherix under 28 U.S.C. §§ 1391(b) and 1400(b).

8.      Spherix, by its Complaint, has asserted, and continues to assert, that VTech Communications is infringing the '599, '195, '814, '899 and '614 patents.   VTech Communications, by its Answer, has asserted, and continues to assert, that it does not infringe the '599, '195, '814, '899 and '614 patents and that the '599, '195, '814, '899 and '614 patents are invalid.   Thus, an actual, justiciable controversy exists between Spherix and VTech

Communications concerning the infringement and validity of the '599, '195, '814, '899 and '614 patents.

## COUNTERCLAIM I
### (Declaration of Noninfringement of the '599 patent)

9.      VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

10.     VTech Communications does not, and has not, infringed any valid claim of the '599 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

11.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that it does not, and has not, infringed the '599 patent.

## COUNTERCLAIM II
### (Declaration of Invalidity of the '599 patent)

12.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

13.     One or more claims of the '599 patent that are allegedly infringed by VTech Communications are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 101, 102, 103, and/or 112.

14.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that one or more claims of the '599 patent are invalid.

## COUNTERCLAIM III
### (Declaration of Noninfringement of the '195 patent)

15.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

16.     VTech Communications does not, and has not, infringed any valid claim of the '195 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

17.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that it does not, and has not, infringed the '195 patent.

## COUNTERCLAIM IV
### (Declaration of Invalidity of the '195 patent)

18.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

19.     One or more claims of the '195 patent that are allegedly infringed by VTech Communications   are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 101, 102, 103, and/or 112.

20.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that one or more claims of the '195 patent are invalid.

## COUNTERCLAIM V
### (Declaration of Noninfringement of the '814 patent)

21.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

22.     VTech Communications does not, and has not, infringed any valid claim of the '814 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

23.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that it does not, and has not, infringed the '814 patent.

## COUNTERCLAIM VI
### (Declaration of Invalidity of the '814 patent)

24.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

25.     One or more claims of the '814 patent that are allegedly infringed by VTech Communications  are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 101, 102, 103, and/or 112.

26.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that one or more claims of the '814 patent are invalid.

## COUNTERCLAIM VII
### (Declaration of Noninfringement of the '899 patent)

27.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

28.     VTech Communications does not, and has not, infringed any valid claim of the '899 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

29.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that it does not, and has not, infringed the '899 patent.

## COUNTERCLAIM VIII
### (Declaration of Invalidity of the '899 patent)

30.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

31.     One or more claims of the '899 patent that are allegedly infringed by VTech Communications   are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 101, 102, 103, and/or 112.

32.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that one or more claims of the '899 patent are invalid.

## COUNTERCLAIM VIIII
### (Declaration of Noninfringement of the '614 patent)

33.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

34.     VTech Communications does not, and has not, infringed any valid claim of the '614 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

35.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that it does not, and has not, infringed the '614 patent.

## COUNTERCLAIM X
### (Declaration of Invalidity of the '614 patent)

36.     VTech Communications incorporates by reference each and every allegation contained in Paragraphs 1–8 of its Counterclaim as though set forth at length.

37.     One or more claims of the '614 patent that are allegedly infringed by VTech Communications  are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Codes including, for example, Sections 101, 102, 103, and/or 112.

38.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, VTech Communications is entitled to a declaratory judgment that one or more claims of the '614 patent are invalid.

## DEMAND FOR JURY TRIAL

39.     VTech Communications demands a jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, VTech Communications prays for relief as follows:

a)  Dismiss with prejudice the Complaint against VTech Communications;

b)  That the Court enter judgment in favor of VTech Communications, and against Spherix, on VTech Communications' counterclaims;

c)  That the Court enter judgment in favor of VTech Communications, and against Spherix, on Spherix's claims against VTech Communications for patent infringement;

d)  That VTech Communications be found not to infringe the '599 patent;

e)  That the '599 patent be found invalid;

f)  That VTech Communications be found not to infringe the '195 patent;

g)  That the '195 patent be found invalid;

h)  That VTech Communications be found not to infringe the '814 patent;

i)  That the '814 patent be found invalid;

j)  That VTech Communications be found not to infringe the '899 patent;

k)  That the '899 patent be found invalid;

l)  That VTech Communications be found not to infringe the '614 patent;

m)  That the '614 patent be found invalid;

n)  Award VTech Communications its costs and disbursements associated with this action;

o)  That the Court find this case exceptional under 35 U.S.C. § 285 and order Spherix to pay VTech Communications its costs and attorney's fees; and

p)  That the Court grant such other relief as the Court deems just and proper under these circumstances.

Dated: November 11, 2013                         Respectfully Submitted,


                                                 /s/ Anthony Garza
                                                 Martin C. Robson
                                                 Texas Bar No. 24004892
                                                 Anthony Garza
                                                 Texas Bar No. 24050644
                                                 Charhon Callahan Robson & Garza, PLLC
                                                 3333 Lee Parkway
                                                 Suite 460
                                                 Dallas, Texas 75219
                                                 Telephone: (214) 521-6400
                                                 Fax: (214) 764-8392
                                                 mrobson@ccrglaw.com
                                                 agarza@ccrglaw.com

                                                 James R. Nuttall
                                                 John L. Abramic
                                                 Amanda K. Streff
                                                 Steptoe & Johnson LLP
                                                 115 South LaSalle Street
                                                 31st Floor
                                                 Chicago, IL 60603
                                                 Telephone: (312) 577-1300
                                                 Fax: (312) 577-1370
                                                 jnuttall@steptoe.com
                                                 jabramic@steptoe.com
                                                 astreff@steptoe.com

                                                 **Attorneys for Defendants**
                                                 **VTech Telecommunications, Ltd.**
                                                 **and VTech Communications, Inc.**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically pursuant to LR 5.1(d) on November 11, 2013.  As such, this document was served on each party who is a registered user of the ECF.


                                                 /s/ Anthony Garza
                                                 Anthony Garza