IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SPHERIX INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>VTECH TELECOMMUNICATIONS LTD. and VTECH COMMUNICATIONS, INC.,<br><br>    Defendants. | Civil Action No. 3:13-cv-3494-M<br><br>JURY TRIAL DEMANDED |
| SPHERIX INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIDEN CORPORATION and UNIDEN AMERICA CORPORATION,<br><br>    Defendants. | Civil Action No. 3:13-cv-3496-M<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION REGARDING THE CLAIM CONSTRUCTION HEARING PROCEDURE AND LIMITS

VTech Telecommunications, Ltd., VTech Communications, Inc., Uniden Corporation, and Uniden America Corporation (collectively "Defendants"), submit this Motion to set certain procedures and limits for the claim construction hearing set for November 21, 2014. At the October 27, 2014 technology tutorial hearing Plaintiff indicated that in addition to the normal attorney argument it intends to put on live testimony at the claim construction hearing. Defendants therefore proposed certain procedures, including time limits, to Plaintiff for the upcoming claim construction hearing to ensure that the hearing was an efficient and productive

use of the Court's and the parties' time.

While Plaintiff did agree, as the Court had indicated, that testimony should be presented after the parties presented their respective claim construction arguments, Plaintiff would not agree to any proposed limits, which would ensure that (1) the hearing is conducted in an efficient manner, (2) the parties get equal time to present, and (3) the parties complete the hearing on November 21st. Plaintiff has indicated that in addition to presenting attorney argument at the claim construction hearing, it intends to call its expert witness, cross-examine Defendants' two expert witnesses and play video deposition clips during either or both phases of the hearing. As to Defendants' proposed time limits, Plaintiffs would only state that they "estimate" that their attorney argument portion will take 3 hours and their direct expert testimony will take 30 minutes. Accordingly, Plaintiffs' estimate, which includes no estimate for cross-examination, already fills half of the day.

Defendants respectfully submit that the parties should be able to conduct the hearing within reasonable time limits. Defendants therefore move the Court to set certain limits for the November 21, 2014 claim construction hearing so that the parties can prepare efficient presentations for the Court.

I.     **PROCEDURE FOR THE CLAIM CONSTRUCTION HEARING**

At the October 27, 2014 Technology Tutorial Hearing, the Court indicated that if testimony was going to be presented at the claim construction hearing that it be done at the end of the hearing, after attorney argument. *See* Technology Tutorial Hearing Transcript at 81. The parties have agreed that they will submit attorney argument during a first phase of the hearing and any live testimony will be presented after the attorney argument in a second phase.

**II.     TIME LIMITS**

In order to efficiently manage and balance the time between the parties, Defendants propose that the Court set time limits for both the attorney argument phase and testimony phase of the hearing.  Otherwise, if Plaintiff is allowed to go first on each patent and during the live testimony phase, Plaintiff could monopolize the majority of the time or prevent the Defendants from finishing their argument or testimony.  Defendants, therefore, propose that each side be limited to 2.5 hours total of attorney argument (phase 1) and 30 minutes of total testimony, including both direct and cross examinations (phase 2).  This would provide for 6 hours of hearing time, which with a lunch break and other breaks would likely take up most of the day.

**III.    IDENTIFICATION AND LIMITS FOR LIVE TESTIMONY**

There are 16 disputed terms that the parties intend to address during argument at the claim construction hearing.  Defendants do not believe that live testimony regarding all 16 terms is necessary or an efficient use of the Court's or the parties' time and resources.  Plaintiff refuses to identify or limit any terms for which it intends to present live testimony.  Instead, Plaintiff asserted that it may present evidence relating to any or all of the 16 terms in dispute.  Clearly, live testimony relating to all 16 terms is neither necessary nor feasible.  Defendants therefore propose that the parties identify four or fewer terms for which they may present live testimony.

**IV.    REQUEST FOR TELEPHONE CONFERENCE**

Defendants request the relief set forth above or in the alternative Defendants request a short telephone conference with the Court to set certain procedures and limits for the November 21, 2014 claim construction hearing.  Without some procedure or limits, Defendants believe that there will be significant duplication of testimony, inefficient use of the Court's time, and that the hearing may not be completed on November 21, 2014.

Date:  November 12, 2014                         Respectfully submitted,

*/s/* James R. Nuttall
Martin C. Robson
Texas Bar No. 24004892
Anthony Garza
Texas Bar No. 24050644
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway
Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Fax: (214) 764-8392
mrobson@ccrglaw.com
agarza@ccrglaw.com

James R. Nuttall
John L. Abramic
**STEPTOE & JOHNSON LLP**
115 South LaSalle Street
31st Floor
Chicago, IL 60603
Telephone: (312) 577-1300
Fax: (312) 577-1370
jnuttall@steptoe.com
jabramic@steptoe.com

*Counsel for Defendants VTech Telecommunications Ltd. and VTech Communications, Inc.*

*/s/* W. Bart Rankin
W. Bart Rankin
John G. Flaim, Texas Bar No. 00785864
john.flaim@bakermckenzie.com
W. Bart Rankin, Texas Bar No. 24037333
bart.rankin@bakermckenzie.com
BAKER &MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Ave
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

*Counsel for Defendants Uniden Corporation and Uniden America Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on November 12, 2014, with a copy of this document via the Court's CM/ECF system.

                                        /s/ James R. Nuttall  
                                        James R. Nuttall